# IN THE UNITED STATES DISTRICT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **MELONY R. SIMPSON,** | |
| Plaintiff, | Case No. |
| v. | **JURY TRIAL DEMANDED** |
| **PHILIPS HEALTHCARE INFORMATICS, INC.,** | |
| Please Serve: | |
| Registered Agent: CSC-Lawyers Incorporating Service Company 221 Bolivar St. Jefferson City, Missouri 65101, | |
| Defendant. | |

## COMPLAINT

Plaintiff, Melony R. Simpson, ("Plaintiff"), by and through her counsel, for her Complaint against Defendant Philips Healthcare Informatics, Inc. ("Philips"), hereby states and allege as follows:

## PARTIES

1. Plaintiff is over age 18 and an adult resident of Carroll County, Missouri. Plaintiff was formerly employed by Defendant Philips Healthcare Informatics in both Jackson County, Missouri and Carroll County, Missouri.

2. Defendant Philips Healthcare Informatics is a California corporation, with its principal place of business in California. Defendant employed Plaintiff in the State of Missouri. Defendant can be served through its registered agent, CSC-Lawyers Incorporating Service Company, 221 Bolivar St., Jefferson City, Missouri 65101.

## JURISDICTION AND VENUE

3. The Fair Labor Standards Act ("FLSA") authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Plaintiff asserts a claim for violations of the FLSA below. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has jurisdiction over Plaintiff's claims for violations of Missouri's Minimum Wage Act, breach of contract, and unjust enrichment pursuant to: (1) 28 U.S.C. § 1332(a) in that Plaintiff and Defendant are residents of a different state and the amount in controversy exceeds $75,000.00; and (2) 28 U.S.C. § 1367 because the state claims against Defendant are so related to the FLSA claim that they form part of the same case or controversy.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed in Missouri and the events giving rise to her claims occurred in this jurisdiction.

## FACTUAL ALLEGATIONS

6. Defendant hired Plaintiff to work for it as a "Technical Support Engineer." In an "Offer letter" dated July 20, 2018, Defendant notified Plaintiff that she was would be paid $43.00 Hourly and that she was going to classified by it as a "non-exempt" employee.

7. Consistent with its classification of Plaintiff as a non-exempt employee, Defendant paid Plaintiff overtime. Defendant, however, failed to pay Plaintiff all overtime to which she was due.

8. Specifically, approximately once per month Plaintiff was required by Defendant to work "on call" for a one-week period of time in addition to her normal hourly and daily work schedule. During this on-call time, Plaintiff was expected to take phone calls and respond to text

messages, and to monitor her computer to respond to emails and message requests, in order to answer technical questions and to provide technical assistance and support to Defendant's customers, at all hours of the day and night.

9. When Plaintiff exceeded her forty hours during her regularly scheduled work week, Plaintiff was paid overtime. When she was "on call" she was only paid for the time, and any corresponding overtime, for the time she logged on phone calls, answering technical questions, responding to emails and messages, and providing technical assistance to Defendant's customers. She was not paid for all time she was on call.

10. The length of time to perform the different aspects of on-call work described above varied from a few minutes to several hours, depending on the particular issue. Defendant, however, only paid Plaintiff overtime for the time she was "logged in" working on an on-call issue. So, for example, and as a hypothetical, if Plaintiff took six, five-minute calls over a four-hour span between 12 a.m. and 4 a.m. in the middle of the night, Plaintiff was paid for only thirty minutes of time.

11. Yet, during the entirety of the time while she was working on call, Plaintiff was expected to respond to any inquiries, calls, emails and/or messages within a few minutes, or she would be subject to discipline. Indeed, there were several instances where Plaintiff was actually disciplined by her supervisors when she failed to respond an inquiry, call, or message within a few minutes, which caused her significant stress and anxiety for fear that she would be terminated if she did not respond to any inquiries, calls, emails and/or messages within a few minutes.

12. Consequently, when Plaintiff was on-call she was required to sit at or near her phone and computer and to remain alert and awake at all times, so that she could monitor her phone and computer for on call inquiries by Defendant's customers. Plaintiff was also required to have

3

secure and reliable internet access at all times.  This meant that at all times while she was on call, Plaintiff could not leave her home and/or undertake many personal activities (*i.e.*, shopping, seeing movies, socializing, driving, going to church, or bathing) that could keep her away from her phone and computer and an internet connection for more than a few minutes.

13. Because she was subject to discipline, and was in fact disciplined if she failed respond to any inquiries, calls and/or messages within a few minutes, Plaintiff was waiting to be engaged and could not use the time effectively for her own purposes or personal pursuits, and her personal time was severely restricted.

14. As such, Plaintiff was therefore "on duty" and working within the scope and meaning of the FLSA, at 29 C.F.R. §§ 785.14-785.17, and Missouri's Minimum Wage Act, at Mo. Rev. Stat. § 290.505, at all times when she was "on call" for Defendant.

15. Despite being aware that the entirety of the on-call time was compensable time, Defendant did not take steps to ensure that all such time was being compensated. Instead, Defendant ignored or disregarded the fact that, during periods of "inactivity," Plaintiff could not use the time effectively for her own purposes as described above and her personal time was severely restricted.

16. Defendant also refused to provide Plaintiff, despite her requests, with any of its written policies or procedures concerning on-call time.

17. The net effect of Defendant's policies and practices, instituted and approved by company managers and Plaintiff's supervisors, is that Defendant willfully failed to pay Plaintiff for all hours worked and failed to pay overtime for all of the time worked in excess of 40 hours a week.

## COUNT I: Violation of the Fair Labor Standards Act of 1938

18. Plaintiff reasserts and re-alleges the allegations set forth in the above paragraphs.

19. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et. seq*.

20. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

21. Defendant was, and is, subject to the recordkeeping, minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce, and the production of goods for commerce, and its employees are engaged in commerce.

22. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.

23. By its own admission and classification of Plaintiff as a non-exempt employee, the FLSA exemptions do not apply to Plaintiff. Accordingly, Defendant must be estopped from claiming otherwise and Plaintiff must be paid overtime pay in accordance with the FLSA.

24. Defendant violated the FLSA by failing to pay Plaintiff for all time she worked, including overtime.

25. Specifically, during the entirety of the time while she was working on call, Plaintiff was expected to monitor her computer and to respond to any inquiries, calls and/or messages within a few minutes, or she would be subject to discipline. Indeed, there were several instances where Plaintiff was disciplined by her supervisors when she failed to respond any inquiries, calls and/or messages within a few minutes.

26. Because the on-call work (*i.e.*, answering phone calls or technical questions, responding to emails and messages, and providing technical assistance) was of a varying frequency, difficulty, and timing, Plaintiff was required to sit at or near her computer and to remain alert and awake at all times while on call. Plaintiff was also required to have internet access at all times, which meant that she could not leave her home, or undertake any personal activities, during the time she was on call.

27. As set forth above, at all times that she was on call, Plaintiff was waiting to be engaged and could not use the time effectively for her own purposes or personal pursuits, and her personal time was severely restricted. She was therefore "on duty" and working within the scope and meaning of the FLSA, at 29 C.F.R. §§ 785.14-785.17.

28. Plaintiff is entitled to pay for all time that she was on-call.

29. Plaintiff is entitled to damages equal to overtime premium pay for all time she was on call during her employment with Defendant.

30. Under the circumstances, and in light of Defendant's classification of Plaintiff as a non-exempt employee, as well as the discipline it imposed on Plaintiff if Plaintiff failed respond to any inquiries, calls and/or messages within a few minutes, as well as its refusal to provide Plaintiff with any written policies or procedures concerning on-call time, Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA.

31. As a result, thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

32. Alternatively, should the Court find Defendant did not act willfully in failing to pay wages, Plaintiff is still entitled to an award of prejudgment interest at the applicable legal rate.

33. As a result of the aforesaid willful violations of the FLSA, wages and/or overtime compensation has been unlawfully withheld by Defendant from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff demands judgment against Defendant and prays for compensatory damages; liquidated damages; attorneys' fees and costs; pre-judgment and post-judgment interest as provided by law; and such other relief as the Court deems fair and equitable.

### COUNT II: Failure to Pay Wages Pursuant to Mo. Rev. Stat. §§ 290.500, *et seq.*

34. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

35. Plaintiff was not paid for all of her time worked, including all time engaged to wait while she was on call.

36. Said work often required Plaintiff to work in excess of forty (40) hours per week.

37. Plaintiff was treated as a non-exempt employee by the Defendant under the Missouri Wage statutes.

38. The Missouri wage laws require each covered employer, such as Defendant, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

39. By its own admission and classification of Plaintiff as a non-exempt employee, the FLSA exemptions do not apply to Plaintiff. Accordingly, Defendant must be estopped from

claiming otherwise and Plaintiff must be paid overtime pay in accordance with the FLSA via Mo. Rev. Stat. § 290.505.

40. Defendant failed to compensate Plaintiff at the proper rate of pay, and therefore, Defendant has violated, and continues to violate, the Missouri wage laws, Mo. Rev. Stat. §§ 290.500, *et. seq.*

41. Plaintiff seeks damages in the amount of all respective unpaid wages and overtime wages plus liquidated damages, as provided by the Missouri Minimum Wage Law and such legal and equitable relief as the Court deems just and proper.

42. Plaintiff also seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by Mo. Rev. Stat. §§ 290.500, *et. seq.*

WHEREFORE, Plaintiff demands judgment against Defendant and prays for compensatory damages; liquidated damages; attorneys' fees and costs; pre-judgment and post-judgment interest as provided by law; and such other relief as the Court deems fair and equitable.

## COUNT III: Breach of Contract

43. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

44. At the time the Plaintiff was employed by Defendant, she was hired to work at a fixed hourly wage rate. Defendant, in turn, agreed to pay the Plaintiff an expressly stated rate of pay that she would earn for each hour worked.

45. For each hour Plaintiff worked while on duty during her tenure with Defendant, she did not receive compensation from Defendant. This violated the parties' employment agreement.

46. All of the hours that the Plaintiff worked while on-call were at the direction and behest of Defendant, not voluntarily performed, but done with the expectation of earning her hourly wage.

47. Defendant is liable to the Plaintiff for the damages incurred as a result of Defendant's failure to pay her for her all time she worked for Defendant and was on-call.

WHEREFORE, Plaintiff demands judgment against Defendant and prays for compensatory damages; liquidated damages; attorneys' fees and costs; pre-judgment and post-judgment interest as provided by law; and such other relief as the Court deems fair and equitable.

### COUNT IV: Unjust Enrichment

48. Plaintiff reasserts and re-alleges the allegations set forth in the above paragraphs.

49. Plaintiff conferred a benefit upon Defendant by working on its behalf without full compensation.

50. Defendant had an appreciation or knowledge of the benefit conferred by Plaintiff.

51. Defendant accepted and retained the benefit under such circumstances as to make it inequitable for Defendant to retain the benefit without payment of its value.

WHEREFORE, Plaintiff demands judgment against Defendant and prays for compensatory damages; liquidated damages; attorneys' fees and costs; pre-judgment and post-judgment interest as provided by law; and such other relief as the Court deems fair and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated: December 18, 2020           Respectfully Submitted,

                                   HODES LAW FIRM, LLC

                                   By: _____
                                   Garrett M. Hodes - Mo. Bar. #50221
                                   900 Westport Road, 2nd Floor
                                   Kansas City, Missouri 64111
                                   (816) 931-1718 (Phone)
                                   (816) 994-6276 (Fax)
                                   garrett@hodeslawfirm.com

                                   ATTORNEY FOR PLAINTIFF